Dear Mr. Sugarman
On behalf of the Board of Trustees of the City of Pompano Beach Police and Firefighters' Retirement System, you have asked for my opinion on substantially the following question:
Whether a public officer's retirement benefits, vested in the Pompano Beach Retirement System, are subject to forfeiture pursuant to section112.3173, Florida Statutes, when the conduct subjecting the benefits to forfeiture occurred during the officer's participation in the Florida Retirement System, not during his or her participation in the local retirement system?
In sum:
Section 112.3173, Florida Statutes, requires the official or board responsible for paying benefits under a public retirement system to make a forfeiture determination when the board has reason to believe that the rights of the person under any such system are required to be forfeited pursuant to the statute. So long as the Pompano Beach Retirement System is a "public retirement system" within the scope of Part VII, Chapter 112, Florida Statutes, and the board has either received notice or otherwise has reason to believe that a forfeiture under the statute is required, the Board of Trustees of the City of Pompano Beach Police and Firefighters' Retirement System must provide notice and hold an administrative hearing on this matter.
According to your letter, a law enforcement officer currently employed by the Broward County Sheriff's Office committed a "specified offense" after vesting in the Pompano Beach Police and Firefighters' Retirement System but while not actively participating in the system. The offense was committed while the officer was working for the Broward County Sheriff's Office which began providing police services to Pompano Beach in 1999 and while the officer was a member of the Florida Retirement System.
You have advised this office that an inter-local service agreement between the Broward Sheriff's Office (BSO) and the City of Pompano Beach closed the Pompano Beach Police Department in 1999. Pursuant to the agreement, city police services and police officers were transferred to BSO and all former Pompano Beach police officers became employed by BSO as deputy sheriffs. Pursuant to section 121.011(3)(b)2., Florida Statutes, all former Pompano Beach police officers were allowed to choose whether to remain as participants in the Pompano Beach Retirement System while working for BSO, or discontinue their active participation in the local system and become Florida Retirement System participants. For former city police officers who chose to remain in the city retirement system, the BSO made the required employer contributions to the city retirement system. For those who chose to enroll in the Florida Retirement System, the sheriff's office did not make any further contributions on their behalf to the local system and instead contributed on their behalf to the Florida Retirement System.
The officer involved in your request was vested in the Pompano Beach Retirement System at the time the city police department was closed and elected to end his active status in the local retirement system and transfer to the Florida Retirement System. Thus, the BSO made no further contributions on behalf of this officer to the Pompano Beach Retirement System. All contributions by the sheriff's office on this officer's behalf were made to the Florida Retirement System.
The Board of Trustees of the City of Pompano Beach Police and Firefighters' Retirement System has reason to believe that this police officer committed a "specified offense" as defined in section112.3173(2)(e), Florida Statutes, while working for the BSO, but after terminating his active member status with the Pompano Beach Retirement System. On behalf of the pension board, you have asked whether the officer's vested pension from the Pompano Beach Retirement System is subject to forfeiture pursuant to section 112.3173, Florida Statutes, in addition to the forfeiture of Florida State Retirement System benefits.
The Florida Constitution provides:
"Any public officer or employee who is convicted of a felony involving a breach of public trust shall be subject to forfeiture of rights and privileges under a public retirement system or pension plan in such manner as may be provided by law."[1]
The Florida Legislature has implemented this constitutional provision in section 112.3173, Florida Statutes.[2] Subsection (3) of the statue requires that
"[a]ny public officer or employee who is convicted of a specified offense committed prior to retirement, or whose office or employment is terminated by reason of his or her admitted commission, aid, or abetment of a specified offense, shall forfeit all rights and benefits under any public retirement system of which he or she is a member, except for the return of his or her accumulated contributions as of the date of termination."
A "public retirement system" for purposes of the statute is "any retirement system or plan to which the provisions of part VII of [Chapter 112] apply."[3] For purposes of this discussion, I assume that the Pompano Beach Retirement System comes within the scope of this definition. A "specified offense" for purposes of the statute includes embezzlement of public funds; theft by a public officer or employee from his or her employer; bribery in connection with employment; certain felonies involving bribery or misuse of public office; committing an impeachable offense; commission of a felony to obtain profit or advantage through the use of a public office or employment; and commission of lewd or lascivious offenses against certain victims by a public officer or employee through the use of his or her public office or employment.[4]
Section 112.3173(5), Florida Statutes, creates the procedure for a forfeiture determination to be made by the official or board responsible for paying benefits under a public retirement system. The statute requires that, upon receipt of notice or whenever the board "otherwise has reason to believe that the rights and privileges of any person under such system are required to be forfeited under this section," the board must give notice and hold an administrative hearing pursuant to Chapter120, Florida Statutes, to determine whether the subject retirement rights and benefits must be forfeited.[5] If a determination is made that such rights and privileges are required to be forfeited, the board must order the forfeiture.[6] Orders of forfeiture of retirement system rights and privileges are appealable to the district court of appeal.[7]
Section 112.3173, Florida Statutes, requires that "all rights and benefits under any public retirement system of which [the officer or employee] is a member" shall be subject to forfeiture. This office has previously expressed its opinion that the term "any" may be read to mean "all" or "every."[8] Thus, it is my opinion that the forfeiture requirements of the statute apply to any and all public retirement benefits to which the employee may be entitled.
In Childers v. State, Division of Retirement, [9] a former state employee's pension had been forfeited based on his conviction for bribery and receipt of unlawful compensation or reward for official behavior. The employee had been employed as a school teacher for several years and was a member of the Teacher Retirement System which, subsequent to his employment, became part of the Florida Retirement System.
Mr. Childers became a member of the Florida Legislature in 1970 and served for thirty years accruing credited service under the Florida Retirement System. In 2000, he became a member of the Escambia County Board of County Commissioners and he continued to accrue years of credited service. It was during his service as a county commissioner that he was charged with the crimes that led to the forfeiture of his pension benefits under the Florida Retirement System. He was convicted of bribery and unlawful compensation or reward for official behavior. The parties stipulated that the crimes were not related to Mr. Childers' service as a teacher or a legislator.
The Department of Management Services, Division of Retirement, notified Mr. Childers of agency action to forfeit his rights and benefits under the retirement system pursuant to section 112.3173, Florida Statutes, based on his convictions. Ultimately, forfeiture of all of the employee's rights and benefits under the Florida Retirement System was ordered, except the return of accumulated contributions. The employee appealed, alleging that the statute was unconstitutional because, as applied, it violated his constitutional protections against excessive fines, double jeopardy, and ex-post facto laws.
In Childers, and in earlier cases, Florida courts have upheld section112.3173, Florida Statutes, against constitutional challenges and determined that the statutory forfeiture provision is part of the pension contract between the State and the employee and that forfeiture is an issue of contract law. As the court in Childers noted,
"One thing the legislature made perfectly clear is that an `employee who is convicted of a specified offense committed prior to retirement . . .shall forfeit all rights and benefits under any public retirement system of which he or she is a member.'"[10] (emphasis in the original)
It was irrelevant to the court that Mr. Childers had been a member of the Teachers Retirement System or that his criminal conduct occurred after his 30 years of service in the Legislature. All of Mr. Childers' public retirement benefits were subject to forfeiture.
Similarly, in the instant case, the officer is a member of the Florida Retirement System and his pension benefits under that system are subject to forfeiture. In addition, the officer is a member of the Pompano Beach Retirement System, the public retirement system which originally served these officers and in which he is vested although no longer an active contributing member. Section 112.3173, Florida Statutes, requires thatall pension rights and benefits (except for member contributions) be forfeited under any public retirement system in which the officer may be a member. The officer is a vested member of the Pompano Beach Retirement System as well as the Florida Retirement System and his pension benefits are subject to forfeiture in both systems.
In sum, section 112.3173, Florida Statutes, requires the official or board responsible for paying benefits under a public retirement system to make a forfeiture determination when the board has reason to believe that the rights of the person under any such system are required to be forfeited pursuant to the statute.
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] Article II, s. 8(d), Fla. Const.
[2] See statement of legislative intent in s. 112.3173(1), Fla. Stat.;and see s. 121.091(5), Fla. Stat.
[3] Section 112.3173(2)(d), Fla. Stat.
[4] Section 112.3173(2)(e), Fla. Stat.
[5] Section 112.3173(5)(a), Fla. Stat.
[6] Id.
[7] Section 112.3173(5)(b), Fla. Stat.
[8] See Op. Att'y Gen. Fla. 74-311 (1974) and authorities cited therein.
[9] 989 So. 2d 716 (Fla. 4th DCA 2008).
[10] Id. at p. 720.